UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MASTER SPAS, LLC, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: _____ |
| ) | |
| vs. ) | |
| ) | |
| GULFSOUTH OUTDOOR LIVING, ) | |
| LLC, an Alabama Limited Liability ) | |
| Company ) | |
| ) | INJUNCTIVE RELIEF REQUESTED |
| ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff Master Spas, LLC ("Master Spas") states its Complaint against Defendant Gulfsouth Outdoor Living, LLC ("Gulfsouth") as follows:

**INTRODUCTION**

1. This is an action for copyright infringement in violation of the federal Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* (the "Copyright Act") and for violations of the Alabama Deceptive and Unfair Trade Practices Act ("ADUTPA").

2. Gulfsouth has utilized copyrighted content belonging to Master Spas on its websites, in advertisements, and to customers without authorization from Master Spas and in violation of federal and state laws.

3. Despite Master Spa's repeated demands that Gulfsouth cease and desist its infringing behavior, Gulfsouth has willfully refused to do so.

## THE PARTIES

4. Master Spas is an Indiana limited liability company engaged in the business of providing home wellness solutions including hot tubs, swim spas, cold tubs, and saunas. Master Spas' principal place of business is at 6927 Lincoln Parkway Drive, Fort Wayne, Indiana 46804.

5. Gulfsouth is an Alabama limited liability company holding itself out as a business engaged in providing a variety of outdoor living experiences. Gulfsouth's principal place of business is at 2148 Pelham Parkway, Building 200, Pelham, Alabama 35124.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States of America, specifically the provisions of the Copyright Act.

8. Gulfsouth is subject to personal jurisdiction in the State of Alabama because Gulfsouth conducts business, carries on a business venture, and maintains a place of business in Alabama.

## VENUE

9. Venue is proper in the Northern District of Alabama (Southern Division) under 28 U.S.C. § 1391(b)(1)-(2) because Defendant resides in this judicial district, and a

substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

10. In 2023 and 2024, Master Spas registered photos with the Register of Copyrights under Registration Nos. VAU 1-504-101; VA-2-408-971; and VA 2-244-945 (the "Registered Copyrighted Works").

11. Master Spas' website (the "Site," available at www.masterspas.com), including the Registered Copyrighted Works, unregistered copyrighted photos, and all other matters related to the Site are original works of authorship fixed in a tangible medium of expression.

12. The Site's footer states "Copyright © [current year] Master Spas." Further, the Site's footer directs users to Master Spas' Legal Policies and Notices.

13. The Site's Privacy Statement included in the Legal Policies and Notices provides that "[t]he text, images, graphics, sound files, animation files, video files and their arrangement on Master Spas Properties are all subject to copyright and other intellectual property protection . . . You may not . . . distribute, modify, transmit, reuse, report or use the contents of our websites for public or commercial purposes, including without limitation the text, images, audio and video, without the prior written consent of Master Spas." Privacy Statement, MASTER SPAS, www.masterspas.com/privacy-statement (last accessed March 7, 2025).

14. Further, the Site's Privacy Statement provides that "[u]nless otherwise indicated or known to be the marks of others, all marks such as trademarks, service marks

and logos displayed on Master Spas Properties are the registered or unregistered marks of Master Spas, including without limitation each of Master Spas' brands, its model names, and its brand logos and emblems. Nothing contained on Master Spas Properties should be construed as granting any license or right to use any mark or other intellectual property of Master Spas or of any other party displayed on Master Spas Properties. The unauthorized use of any mark or other content displayed on Master Spas Properties is strictly prohibited." *Id.*

15. The content on the Site (the "Site Content") includes both Registered Copyrighted Works, protected by federal law, and unregistered copyrighted works, protected by state law. The Site is the original effort of Master Spas and is the product of its skill, judgment, and labor.

16. The Site and Site Content include registered and unregistered copyrighted works in the form of photographs depicting various goods for sale, including a photograph of Michael Phelps Signature Swim Spas Series; a photograph of the Twilight Series; a photograph of the H2X; a photograph of the Clarity Spas series; and photographs of Chilly GOAT cold tubs. The Copyright Office accepted Master Spas' submission of certain photos on its website and issued Master Spas a registration for those photos.

17. The Site and Site Content are viewed by hundreds of thousands of people per day. No membership is required to access the Site as it is open to members of the general public. Gulfsouth and its agents and independent contractors had access to, and, upon information and belief, did access the Site.

**Gulfsouth's Unlawful Activities**

18. In 2024, Master Spas learned that Gulfsouth had impermissibly published Master Spas' Site Content, including both Registered Copyrighted Works and unregistered copyrighted works, in its advertisements and on its website.

19. Shortly after learning of Gulfsouth's conduct, Master Spas notified Gulfsouth of its infringing activity by sending a cease and desist letter (attached hereto as Exhibit A) on August 27, 2024. Gulfsouth did not respond. After learning about additional infringing activity of Gulfsouth, Master Spas sent a second cease and desist letter on October 3, 2024 (attached hereto as Exhibit B). Gulfsouth again ignored this letter and, as recently as December 2024, refused to remove Master Spas' Site Contents from its advertisements.

20. Under the Copyright Act, each time Gulfsouth posted any infringing content constitutes a separate infringement.

21. Gulfsouth posted infringing content at a minimum in August 2024, October 2024, November 2024, and December 2024.

22. In August 2024, Gulfsouth used at least one of the Registered Copyrighted Works in the advertisement shown below:



Image 1

23. On October 3, 2024, Gulfsouth used at least one of the Registered Copyrighted Works in the advertisement shown below:



Image 2

24. Upon information and belief, Gulfsouth, by and through its agents and/or assigns, members, and representatives, owns, controls, or otherwise directs the use of content at the domain: https://www.tennesseehottubshow.com.

25. Gulfsouth also used other Site Contents in its October 3, 2024 advertisement.

26. On November 7, 2024, Gulfsouth again used at least one of the Registered Copyrighted Works in the advertisement shown below:


Image 3

27. Upon information and belief, Gulfsouth, by and through its agents and/or assigns, members, and representatives, owns, controls, or otherwise directs the use of content at the domain: https://www.gulfcoasthottubexpo.com.

28. Gulfsouth used other Site Contents in its November 7, 2024 advertisement as well.

29. On December 10, 2024, Gulfsouth used at least one of the Registered Copyrighted Works in the advertisement shown below:



Image 4

30. Upon information and belief, Gulfsouth, by and through its agents and/or assigns, members, and representatives, owns, controls, or otherwise directs the use of content at the domain: https://www.alabamahottubshow.com.

31. Gulfsouth used other Site Contents in its December 10, 2024 advertisement as well.

32. Gulfsouth's use of the Site Contents in its advertisements cause confusion, mistake, and deception for potential purchasers as to the source of its goods. Purchasers are likely to purchase goods from Gulfsouth believing Master Spas is affiliated with those goods, thereby resulting in loss of sales by Master Spas.

33. Gulfsouth's actions have been willful and deliberate. The use of the Site Content in Gulfsouth's advertisements is an obvious attempt to trade on Master Spas' goodwill, which has been to Master Spas' detriment.

34. Gulfsouth has refused to remove the Copyrighted Works from its advertisements despite repeated demands from Master Spas.

35. Gulfsouth's actions will continue unless enjoined by this Court.

### COUNT I – COPYRIGHT INFRINGEMENT

36. Master Spas re-alleges and incorporates paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Gulfsouth's advertisements contain Registered Copyrighted Works that belong to Master Spas and are entitled to federal copyright protection.

38. Master Spas is the owner of valid and registered copyrights for its Registered Copyrighted Works used by Gulfsouth without permission.

39. Gulfsouth's acts and use of the Registered Copyrighted Works constitute infringement of Master Spas' copyrights.

40. Gulfsouth has violated Master Spas' exclusive rights as the copyright owner of the Registered Copyrighted Works by reproducing and publishing the Registered Copyrighted Works without Master Spas' consent.

41. Gulfsouth's deliberate copying and use of the Registered Copyrighted Works and infringement of Master Spas' copyrighted content is willful.

42. Master Spas has been, and will continue to be, irreparably harmed, damaged, and injured as a result of Gulfsouth's infringements of Master Spas' copyrights.

43. Gulfsouth has unlawfully and wrongfully derived, and will continue to derive, income and profits from its infringing acts.

44. Since the date of first publication, Master Spas has complied with all pertinent provisions of the federal Copyright Act and all other laws governing copyrights.

45. As a direct result of Gulfsouth's infringement, Master Spas suffered damages in an amount to be determined at trial.

46. Master Spas is entitled to, among other relief, an injunction; an award of either actual damages and Gulfsouth's profits, or statutory damages up to $150,000.00; enhanced damages; reasonable attorney's fees and the costs of this action; together with prejudgment and post-judgment interest. *See* 17 U.S.C. § 504.

**COUNT II – ALABAMA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

47. Master Spas re-alleges and incorporates paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. The ADUTPA renders unlawful unconscionable, false, misleading, and deceptive acts, including passing off goods as those of another, causing confusion as to the source or affiliation of goods, and representing that goods have approval or connection that they do not have. ALA. CODE § 8-19-5.

49. Gulfsouth, by its unauthorized appropriation and use of Master Spas' Site Contents, has engaged in acts of wrongful deception of the purchasing public, wrongful designation as to the source and sponsorship of material, wrongful deprivation of Master Spas' good name and reputation, and the wrongful deprivation of Master Spas' right to public recognition and credit as owner of the photos.

50. Master Spas' action concerning Gulfsouth's unfair competition, deceptive advertising, and unfair trade practices is related to Master Spas' copyright infringement action, since all actions are based on the same operative facts.

51. Gulfsouth has published the infringing content, which contains Master Spas' Site Contents, resulting in consumer confusion as to the source of the content. Such conduct constitutes a deceptive trade practice and unfair competition under Alabama law.

52. Gulfsouth published the infringing content with the intent to confuse or deceive the public and Master Spas' customers. Gulfsouth has been unjustly enriched as a result of its actions.

53. As a direct result of Gulfsouth's unfair competition and deceptive trade practices against Master Spas, Master Spas has suffered financial injury and is entitled to the value of the benefit conferred on Gulfsouth for its use of Master Spas' Site Contents. Master Spas is entitled to, among other relief, an award of actual damages equal to three times the amount of Gulfsouth's profits received for the use of Master Spas' Site Contents; reasonable attorney's fees and the costs of this action; together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Master Spas requests the Court enter judgment against Gulfsouth:

1. Declaring that Gulfsouth has infringed upon Master Spas' copyrights and has violated the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*;

2. Granting an injunction preliminarily and permanently enjoining Gulfsouth, its members, employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from further infringing upon Master Spas' copyrights in any manner, as authorized by 17 U.S.C. § 502(a);

3. Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any goods or services sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Gulfsouth are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Master Spas;

4. Ordering Gulfsouth to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all website layouts, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, item descriptions, and other materials that feature or bear any of Master Spas' Site Contents;

5. Ordering that Gulfsouth take any and all corrective action necessary to abate any likelihood of confusion between its advertisements and content owned by Master Spas;

6. Ordering that Gulfsouth pay Master Spas either its actual damages and Gulfsouth's ill-gotten profits derived from its wrongful conduct or statutory damages, as provided in 17 U.S.C. § 504;

7. Ordering that Gulfsouth pay Master Spas up to three times the amount of actual damages caused by its violation of the ADUTPA;

8. Ordering that Gulfsouth account to and pay over to Master Spas all profits realized by Gulfsouth's wrongful acts in accordance with the Copyright Act of 1976, enhanced as appropriate to compensate Master Spas for the damages caused thereby;

9. Awarding Master Spas punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

10. Awarding Master Spas its costs and reasonable attorneys' fees, as provided in 17 U.S.C. § 505 and ALA. CODE § 8-19-10;

11. Awarding Master Spas interest, including prejudgment and post-judgment interest, on the foregoing sums; and

12. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Master Spas, by counsel, pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury on all issues so triable.

                                                  Respectfully submitted,

                                                  *s/ Edward S. Sledge IV*
                                                  Edward S. Sledge IV
                                                  Bar Number: ASB-6239-d60s
                                                  BRADLEY ARANT BOULT CUMMINGS LLP
                                                  1819 Fifth Avenue North
                                                  Birmingham, Alabama 35203
                                                  Telephone: (205) 521-8525
                                                  Email: esledge@bradley.com
                                                  *Counsel for Plaintiff Master Spas, LLC*

OF COUNSEL:

Rachel M. Sims
Bar Number: ASB-8100-H93B
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8525
Email: rsims@bradley.com

Jon A. Bragalone
*Pro hac vice admission forthcoming*
Bar Number: 3914-02
CARSON LLP
301 W. Jefferson Blvd., Suite 200
Fort Wayne, Indiana 46802
Telephone: (260) 423-9411
Email: bragalone@carsonllp.com

J. Blake Hike
*Pro hac vice admission forthcoming*
Bar Number: 28601-02
CARSON LLP
301 W. Jefferson Blvd., Suite 200
Fort Wayne, Indiana 46802
Telephone: (260) 423-9411
Email: hike@carsonllp.com
*Counsel for Plaintiff Master Spas, LLC*

**Defendant To Be Served:**

GULFSOUTH OUTDOOR LIVING, LLC
c/o Tony Colbaugh as Registered Agent
2148 Pelham Parkway, Building 200
Pelham, AL 35124